IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PATRICIA A. PRESCOTT,

    Plaintiff,

v.                                       Civil Action No. 3:16cv288

PHH MORTGAGE CORPORATION,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [sic] (ECF No. 44) and several motions to dismiss filed by the Defendants: PHH MORTGAGE CORPORATION'S MOTION TO DISMISS (ECF No. 9) ("PHH Mot."), DEFENDANT, SPROUSES CORNER, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 16) ("Sprouses Mot."), and the MOTION TO DISMISS ("PCF Mot.") (ECF No. 25) filed jointly by Defendants Shapiro, Brown, & Alt and the Professional Foreclosure Corporation of Virginia. For the reasons set forth below, the Defendants' motions will be granted, the Plaintiff's motion will be denied as moot, and this action will be dismissed.

## BACKGROUND

Patricia Prescott filed the Complaint in this action on June 6, 2016. (ECF No. 4). The Complaint names a number of Defendants, but only four have been properly served in this

case: PHH Mortgage Corporation ("PHH"), the Professional Foreclosure Corporation of Virginia ("PFC"), Shapiro, Brown & Alt ("Shapiro"), and Sprouses Corner, LLC ("Sprouses").[1] These four Defendants (hereinafter "Defendants") have all filed motions to dismiss. For purposes of determining the motions, the facts alleged in the Complaint must be assumed true, and the Complaint must be read liberally in light of Prescott's status as a *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

### A. Relevant Facts

Prescott purchased the property in question in December of 2003, secured by a Deed of Trust and Note in the amount of $130,000. (Compl. ¶ 4). At some point PHH became the servicer on the loan, and Prescott made timely payments to them until 2009. (Compl. ¶ 12). In 2008, Prescott applied for but was denied a loan modification. (Compl. ¶ 14). In November of 2009, Prescott

---

[1] The other Defendants were LOGS Corporation, Gerald Alt, R. Alan Anderson, Kristine Brown, John Burson, J. Cabell Metts III, and Gerald Shapiro. Summons was returned unexecuted as to Anderson, and it was neither prepared nor issued as to the others. (ECF Nos. 5, 8). Because these Defendants were never successfully served with process, they will be dismissed from this case. Moreover, because the Complaint asserts no independent federal claims against these Defendants apart from those dismissed by this Memorandum Opinion, the dismissal of the unserved Defendants must be without prejudice.

and PHH entered into a "vaguely specified" six-month trial-period loan modification program. (Compl. ¶¶ 13-15).

After the trial program concluded, Prescott received the terms of a new loan modification offer in April of 2010, but rejected them because "the terms were not as previously agreed to and did not place the Plaintiff's [sic] in a better position than the original note." (Compl. ¶¶ 15-16). Prescott alleges that she began making back payments, made inquiries as to the amount owed, and submitted double-payments in an attempt to get current, but that PHH did not "properly account for any money submitted after April, 2009." (Comp. ¶ 16).

Prescott specifically alleges that PHH did not account for a series of payments made in May and June of 2010 (four payments of $850, $425.91, $850, and $425). (Compl. ¶ 20). Prescott contends that PHH's failure to credit these payments "put in motion their claim of delinquency." Id. She further claims that she continued to submit monthly payments despite the improper accounting, but that, beginning in December of 2010, PHH began returning her checks because they provided an "[i]nsufficient amount to clear default." (ECF No. 29, Attach. 20); see also Compl. at ¶¶ 21-22. Between December 2010 and February 2011, three checks were returned to Prescott for that reason. (Compl. ¶¶ 22-24). In the attachments to the "Addendum" (ECF No. 29) Prescott filed in response to the motions to dismiss, letters

3

from PHH to Prescott indicate that a fourth check dated March 1, 2011 was also returned (as it was approximately half of what PHH alleged at the time was due). (ECF No. 29, Attach. 24). In April of 2011, Shapiro informed Prescott on behalf of PHH that PHH intended to foreclose. (Compl. ¶ 25) Although Prescott disputes that PHH was the noteholder at this time, the documents that she attached to her addendum confirm that PHH was the holder. (ECF No. 29, Attach. 27). Despite the foreclosure letter, foreclosure did not occur on Prescott's property until after a second letter received in 2013. (Compl. ¶¶ 35-36).

Between April of 2011 and June of 2013, Prescott claims that PHH (which was still being represented by Shapiro) fraudulently filed notices of assignment and a document of rescission that replaced a previously filed certificate of satisfaction. (Compl. ¶ 27-33).[2] Notwithstanding this claim, the attachments provided in Prescott's Addendum (ECF No. 29) indicate that the Document of Rescission was filed in April of 2011 in order to correct a certificate of satisfaction that had been executed in error (by Bank of America, which never held the property and swore as much in the Document of Rescission). (ECF No. 29, Attach. 30-31).

---

[2] This portion of the Complaint is especially difficult to decipher. It includes rhetorical questions, conflicting assertions, and is contradicted by the documents filed in the Addendum. (Compl ¶¶ 27-33).

4

Prescott received a second foreclosure letter dated July 17, 2013 (but allegedly sent July 29, 2013), and an advertisement of the foreclosure was placed in the Times-Dispatch. (Compl. ¶¶ 35-36). Prescott filed a final "loan modification attempt" with PHH on "October 21, 2014,"[3] but the foreclosure sale proceeded and she received an eviction letter. (Compl. ¶¶ 37, 43). Sprouses was the high bidder at auction and acquired the property. (Compl. ¶ 41). PFC was the substitute trustee. (Compl. ¶ 44).

Prescott alleges that the sale to Sprouses violated the terms of the Deed of Trust and the terms of the advertisement of sale, which respectively required sale within 30 days of the last advertisement for the property and within 15 days of November 14, 2013. (Compl. ¶¶ 37-40). The basis of this allegation appears to be that the Substitute Trustee's Deed was not *recorded* within those timeframes. Id. Prescott states that she contacted the substitute trustee, PCF, was told that settlement was due to occur on November 29, 2013, and that she then "ceased attempts for a loan modification . . . and secured legal representation." (Compl. ¶ 45).

On December 13, 2013, Prescott appeared in the Circuit Court for Chesterfield County in an action that resulted in

---

[3] It is likely that this is a typo in the Complaint, and that the date intended was "October 21, 2013."

5

Sprouses obtaining an immediate writ of possession, albeit one (according to Prescott) "based on fraudulent documents." (Compl. ¶ 46). Prescott specifies that the writ was "authorized pursuant to a trustee's deed following foreclosure," but that Sprouses had not recorded the deed, and otherwise "did not have a signed and/or notarized valid copy of a trustee's deed on November 21, 2013, when he swore to the summons." (Compl. ¶ 47). She also asserts that Sprouses has continued to assert legal ownership of the property into 2015, despite reselling the property, and thus has "defrauded not only the Plaintiff, but every person willing and able to purchase the property." (Compl. ¶ 49).

The property was re-sold in February of 2014, and that transaction was recorded on April 1, 2014. (Compl. ¶ 55). Prescott received a check for Plaintiff's equity in the property, but asserts that it "falsely represent[ed]" the true amount that she deserved. (Compl. ¶ 58). Prescott maintains that she had the funds to satisfy her debt completely at the time of foreclosure, but was not given the opportunity to do so (Compl. ¶ 56); however, this claim (and many other allegations in the Complaint) are refuted by the documents provided in Prescott's Addendum (ECF No. 29), which Prescott has asked the Court to consider for purposes of these motions. (Id. at 1, Attach. 25-32). Prescott claims "this complaint is timely"

6

because "the debt has not been properly adjudicated" and "because fraud is present and ongoing." (Compl. ¶ 58).

### B. Procedural Posture

The Complaint (ECF No. 4) contains numerous allegations, which stem directly or indirectly from a foreclosure sale that took place on November 14, 2013. (Compl. ¶ 41). Prescott asserts that the foreclosure occurred after her attempts to satisfy her debts were ignored, and that the foreclosure itself was accomplished through fraud and in violation of a number of state and federal statutes. In response, the Defendants have filed the pending motions to dismiss, seeking dismissal of the action on several grounds, including that the Complaint fails to state any claim upon which relief can be granted, and that many of Prescott's claims (including all of her federal claims) are time-barred.[4] Prescott has filed five documents in opposition to the motions to dismiss (ECF Nos. 29, 32, 33, 34, 43), but admits that her federal claims "may not procedurally be timely." (ECF No. 33 at 6.).

---

[4] PHH and Sprouses have also challenged the Court's subject matter jurisdiction under the Rooker-Feldman doctrine pursuant to Fed. R. Civ. P. 12(b)(1), but that doctrine does not apply here. Prescott has not sought review or reversal of the state court judgments attached to the Defendants' motions, nor has she complained of any injury sustained from them. Lance v. Dennis, 546 U.S. 459, 464 (2006). The Defendants' arguments thus conflate Rooker-Feldman with the doctrine of preclusion. Id.

The Defendants have each requested a hearing for argument on their motions to dismiss (ECF Nos. 22, 28, 39); however, the briefs and responses that have been filed adequately present the dispute, and further argument would not aid the Court in reaching a decision. Thus, the Court denies those requests in its discretion under Fed. R. Civ. Pro. 78, and proceeds to the merits of the Defendants' motions. For the reasons set forth below, the motions will granted and this action will be dismissed with prejudice.

## DISCUSSION

By her own count, Prescott asserts thirty-five claims in her Complaint. (Compl. ¶¶ 59-80). Jurisdiction in this case, however, is based only on Prescott's federal claims. See 28 U.S.C. § 1331; 28 U.S.C. § 1367; see also Compl. at ¶ 3. Specifically, jurisdiction in this case is based on Prescott's claims against the Defendants under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. al., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et. al., and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et. al. Each of these claims is defective for multiple reasons, but all of them are time-barred by the relevant limitations periods. See PHH Mot. at 2; Sprouses Mot. at 1-2; PSC Mot. at 1-2. Because that deficiency appears on the face of the Complaint, it is properly considered in a motion seeking dismissal under Rule

12(b)(6). <u>See</u> <u>Richmond, Fredericksburg & Potomac R. Co. v. Forst</u>, 4 F.3d 244, 250 (4th Cir. 1993).

### A. Fair Debt Collection Practices Act (FDCPA) Claims

Prescott's claims under the FDCPA derive from paragraphs 59, 61, 62, and 64 of the Complaint. The substance of this claim is that PHH failed to validate her debt (by not properly accepting payments) and made false and otherwise misleading statements in connection with the collection of her debt. (Compl. ¶¶ 59-64). Even under the most charitable interpretation of the dates asserted, however, the conduct in question all occurred before the foreclosure sale in November of 2013, and the Prescott's Complaint was not filed until June 6, 2016 (ECF No. 4). The statute of limitations under the FDCPA is one-year. 15 U.S.C. § 1692k(d). Therefore, Prescott's FDCPA claims are time-barred and will be dismissed.

### B. Real Estate Settlement Procedures Act (RESPA) Claims

In paragraphs 59, 61, 64, and 67 of the Complaint, Prescott can charitably be understood to be asserting claims under RESPA. As best the Court can tell, the source of these claims appear to be that PHH failed to respond to a qualified written request as required by 12 U.S.C. § 2605(e) ("Duty of loan servicer to respond to borrower inquiries"), and failed to properly account for payments. (Compl. ¶ 59-61). Although the Complaint also appears to claim that PCF and Shapiro are responsible for these

9

violations,[5] they are not "lenders" or "servicers" and have not been alleged to be by Prescott; therefore, no viable claim exists against them. See 12 U.S.C. § 2605(i)(2). In any event, Prescott's RESPA claims are also time-barred.

Prescott alleges that she "asked [for an accounting] numerous times, on the phone, and in writing" but received no response. (Compl. ¶ 67). The only specific written requests she mentions, however, are a letter to Shapiro she alleges was dated April 25, 2011 and a letter to PHH dated December 9, 2010.[6] Prescott has not included enough detail in her Complaint to determine if any of these communications were "qualified written communications" triggering RESPA obligations, see 12 U.S.C. § 2605(e)(1)(B), but any action arising from them is now time-barred. The statute of limitations for a RESPA claim under 12 U.S.C. § 2605 is three years (and for all other RESPA claims, one year). See 12 U.S.C. § 2614. Thus, any potential action under RESPA expired approximately three years before the

---

[5] It is difficult to discern against whom Prescott is asserting particular claims, because the Complaint does not specify to whom it is refers when it uses the term "Defendant" or "Defendants." The Complaint also uses personal pronouns ("he" and "they," primarily) without corresponding antecedents.

[6] Prescott also reports that she made a request in 2013, but does not provide further detail regarding when, in what form, and to whom the request was sent. (Compl. ¶ 64). Prescott also admits that she received a response to that request. Id.

10

Complaint. Therefore, Prescott's RESPA claims are also time-barred and will be dismissed.

### C. Truth in Lending Act (TILA) Claims

Prescott also alleges that PHH violated "Regulation Z" of TILA "[b]y failing to notify the Plaintiff of a suspense account," by not accepting payments, and "[b]y falsing [sic] claiming amount owed." (Compl. ¶ 59). All of these alleged actions took place in 2010 and 2011. (Compl. ¶¶ 20-24, 60). But Regulation Z, like most of TILA, is governed by a one-year statute of limitations. See 15 U.S.C. 1640(e); see also 12 CFR § 226.1(e); 12 CFR 1026.1(e). Therefore, Prescott's TILA claims are also time-barred, and will be dismissed.[7]

### D. Remaining Claims in the Complaint

For the reasons set forth above, the federal claims in the Complaint will be dismissed. Notably, Prescott has not disputed this conclusion. See ECF No. 33 at 6 ("The specific issue of TILA, RESPA and other mortgage servicing violations may not procedurally be timely[.]"); see also id at 5 ("The fact that several slices of the pie may be time-barred, [sic] does not make it dispositive of fraudulent behavior."); id. at 8-9

---

[7] Prescott's specific TILA claims involve 12 CFR 1026.34 and 12 CFR 1026.41, regulations that did not go into effect until January of 2014, well after the conduct alleged in this case. (See PHH Motion 9). Prescott now admits this additional deficiency in her claim. (ECF No. 33 at 8).

11

(asking the Court to treat the alleged federal violations as evidence of the "larger case of fraud" since "the letter of the law many not allow for conviction."). Like the federal claims in the Complaint, it appears that Prescott's Virginia statutory and common-law claims also fail to state plausible claims upon which relief can be granted for multiple reasons. However, the Court need not rule on each individually because it has dismissed all claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c).

Because of the federal questions presented in the Complaint, jurisdiction over the related state claims was proper pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. § 1367. However, having dismissed all those claims presenting a federal question, only state claims remain. Pursuant to its discretion under 28 U.S.C. § 1367(c)(3), the Court elects not to exercise its supplemental jurisdiction over any of those claims because there is no basis to do so. See also Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 636 (2009). Thus, the remaining claims in the Complaint will also be dismissed and the Defendants' motions will be granted. Dismissal of the state law claims will be without prejudice, subject to Prescott reasserting them in state court, even though the state claims appear to be legally insufficient.

12

## CONCLUSION

For the reasons stated above, PHH MORTGAGE CORPORATION'S MOTION TO DISMISS (ECF No. 9), DEFENDANT, SPROUSES CORNER, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 16), and PCF and Shapiro's MOTION TO DISMISS (ECF No. 25) will be granted, and all federal claims will be dismissed with prejudice. The state law claims will be dismissed without prejudice. Having dismissed the Complaint, the PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [sic] (ECF No. 44) will be denied as moot.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2017